**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Mark E. Belland, Esquire
      Mark E. Poist, Esquire
      *Attorneys for Plaintiffs*

| | |
|---|---|
| **Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds for and on behalf of themselves and said Funds, and the Board of Trustees,** | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| *Plaintiffs,* | Civil Action No.: |
| v. | |
| **H. & L. Electric Inc.** | **COMPLAINT** |
| 41-11 28TH Street Long Island City, NY 11101 | |
| *Defendant.* | |

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2.    This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Funds are administered in the State of New Jersey, and the breach took place in New Jersey and Defendant

maintained and/or maintains a principal place of business in the State of New Jersey.

3.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4.      Plaintiffs, Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds for and on behalf of themselves and said Funds and the Board of Trustees ("the Funds"), are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants.  The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5.      The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6.      The Trustees are "Fiduciaries" of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

2

7.      The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey, 08628.

8.      The Funds bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

9.      Defendant, H. & L. Electric, Inc., ("H&L"), is referred to as "Defendant" or "employer" or "party in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was and/or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

10.     Upon information and belief, H&L's principal place of business was and/or is located at 41-11 28th Long Island City, New York 11101.

11.     H&L conducted and/or conducts business in the State of New Jersey.

## COUNT ONE

12.     The Funds incorporate the allegations in Paragraphs 1 through 11 of this Complaint as if set forth herein in their entirety.

13.     At all times relevant hereto, Defendant was party to and/or agreed to abide by the terms and conditions of an Inside Agreement  with the IBEW Local 400

3

("the Union") or one or more local labor unions or district councils affiliated with the Union.

14. By virtue of the Inside Agreement, Defendant agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

15. An audit performed for the period of January 1, 2012 through December 31, 2014 revealed a delinquency of $12,817.27.

16. Payment of the delinquent contributions and penalties assessed against H&L has been demanded by the Funds. H&L has remitted a partial payment of $5,260.49, but H&L has refused to submit the remaining balance of $7,336.58.

17. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

18. H&L's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

19. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C.

§1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A)     Order Defendant H&L to pay all contributions due and owing to the Funds;

(B)     Order Defendant H&L to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C)     Order Defendant H&L to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D)     Order Defendant H&L to specifically perform all obligations to the Funds under the Inside Agreement;

(E)     Order Defendant H&L to pay the Funds' reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F)     Order any such other and further relief as this Court may deem equitable, just and appropriate.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

MARK E. POIST, ESQUIRE

Dated:     11/18/16

6